# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CASSIE WHEELER,

  Plaintiff,

*vs*.            CASE NUMBER: 2:05CV66

COMMISSIONER OF SOCIAL SECURITY,

  Defendant.

## REPORT and RECOMMENDATION/OPINION

  On the 18th day of January, 2007, came the Defendant, Commissioner of Social Security, by Assistant United States Attorney Helen Campbell Altmeyer. The Plaintiff, Cassie Wheeler, did not appear in person or by her counsel, David E. Furrer. Thereupon, at 10:00 a.m., the Court had the case called for hearing on Plaintiff's "Consent Motion for Enlargement of Time" [Docket Entry 10], filed January 10, 2007, and set for hearing by the Court's Order entered January 11, 2007 [Docket Entry 11]. The hearing concluded at approximately 10:20 a.m. At no time during the hearing or prior to the entry of this written order did Plaintiff, in person or by counsel, make an appearance before or contact with the Court concerning the subject motion.

  The relevant procedural history of this matter is as follows:

a)  the Complaint was filed on September 6, 2005 [Docket Entry 1];

b)  a summons was issued on September 6, 2005 [Docket Entry 3];

c)  on September 27, 2005, an Order was entered requiring the Defendant Commissioner to file the transcript and her answer within sixty days of service of the Complaint in accord L.R.Gen.P. 83.12 [Docket Entry 4];

d)  on September 13, 2006, the Clerk gave notice to the parties that the Defendant Commissioner's title had been changed to achieve consistency in the CM/ECF database

[Docket Entry 5];

e)  on September 27, 2006, the summons was reissued as to the Commissioner of Social Security, with the original and a copy to Plaintiff's counsel for service [Docket Entry 6];

f)  on December 4, 2006, the Commissioner filed her Answer and certified service of the administrative transcript to counsel for Plaintiff [Docket Entries 7 and 8];

g)  on December 8, 2006, the case was referred to the undersigned by Order of the District Judge [Docket Entry 9];

h)  on January 10, 2007, Plaintiff filed the subject Consent Motion for Enlargement of Time to file Plaintiff's Motion for Summary Judgment and supporting memorandum [Docket Entry 10]; and

i)  on January 11, 2007, the Court entered an Order scheduling a Show Cause hearing for January 18, 2007, at 10:00 a.m., at the Clarksburg point of holding court [Docket Entry 11].

Local Rule of General Procedure 83.12 relating to Social Security appeal cases provides, in pertinent part, that: "(b) **Within thirty days** after the defendant has filed an answer and a complete copy of the administrative record, the plaintiff **shall file** a brief in support of his or her claim(s) for relief. The plaintiff shall serve copies of his or her brief upon the United States Attorney's Office." "(d) . . . No extensions of time for filing briefs **shall be allowed absent a showing of good cause**. If a party desires an extension of time within which to respond, the moving party is specifically directed to file a motion for extension **before the date upon which the brief or response is due**."[1] (emphasis added by the Court).

---

[1] The Local Rules are available at the Clerk's Office and are published on the Court's Internet web site.

A review of the docket and Plaintiff's Consent Motion for Enlargement of Time reflects that the Consent Motion for Enlargement of Time was not filed "before the date upon which the brief or response [was] due" and no showing of good cause was made in the motion. Notwithstanding the above, the Court gave Plaintiff and Plaintiff's counsel the opportunity to appear on January 18, 2007, at the subject hearing to explain the failure to "offer any excusable reason for neglecting to file the Motion for Summary Judgment withing thirty days of the filing of Defendant's answer or for filing the Consent Motion of Enlargement of Time in a timely manner."

The Court's Local Rules are applicable to all parties to pending litigation, and the particular Rules in question are applicable to parties in Social Security litigation. The Rules are intended to be followed and contain mandatory language with respect to the timing of the filing of pleadings, motions, and responses. The Rules' mandatory language is designed and intended to promote the prompt and efficient disposition of actions filed before the Court and, more particularly, of Social Security appeals filed with the Court.

Plaintiff's and Plaintiff's Counsel's failure to appear on January 18, 2007, to offer reasonable cause for the failure to timely file the Motion for Summary Judgment and supporting memorandum or to timely file the Consent Motion for Enlargement of Time leaves the Court little option but to enforce its own rules.

Accordingly, it is **RECOMMENDED** that Plaintiff's Consent Motion for Enlargement of Time be **DENIED** as having been untimely filed and not supported by any showing of good cause in violation of L.R.Gen.P. 83.12(d) as the same relates to Social Security appeals. It is further **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** for failure to prosecute by failing to timely file the Motion for Summary Judgment and supporting memorandum in violation of

L.R.Gen.P. 83.12 (b) as the same relates to Social Security appeals.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *Thomas v. Arn*, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide an authenticated copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 18th day of January, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE