IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CASSIE WHEELER,**

      **Plaintiff,**

   v.               **CIVIL ACTION NO. 2:05 CV 66**
                             **(Maxwell)**

**JO ANNE B. BARNHART,**
**COMMISSIONER OF**
**SOCIAL SECURITY,**

      **Defendant.**

## **ORDER**

It will be recalled that the above-styled social security appeal was instituted on September 6, 2005, with the filing of the Plaintiff's Complaint.

It will further be recalled that, by Order entered December 8, 2006, the case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommended disposition.

The docket in the above-styled social security appeal reflects that, on January 10, 2007, a Consent Motion For Enlargement Of Time was filed by the Plaintiff (*See* Docket No. 10). In said Motion, counsel for the Plaintiff sought a thirty-day extension of time in which to file the Plaintiff's Motion For Summary Judgment and supporting memorandum. The docket further reflects that, by Order entered January 11, 2007 (Docket No. 11), United States Magistrate Judge John S. Kaull noted that, pursuant to

Local Rule of General Procedure 83.12(b), the Plaintiff's Motion For Summary Judgment was required to be filed on or before January 3, 2007, and any motion for enlargement of time should have been filed prior to the expiration of that deadline. Because the Plaintiff had failed to offer any excusable reason for neglecting to timely file both the Motion For Summary Judgment and the Consent Motion For Enlargement Of Time, Magistrate Judge Kaull's January 11, 2007, Order directed counsel for the Plaintiff to appear before the Court on January 18, 2007, at 10:00 a.m., to show cause why the Consent Motion For Enlargement Of Time should be granted and why the dismissal of the Plaintiff's Complaint should not be recommended to the District Judge.

On January 18, 2007, Magistrate Judge Kaull entered a Report And Recommendation/Opinion (Docket No. 13) wherein he noted that both the Plaintiff and her counsel had failed to appear for the January 18, 2007, show cause hearing and that neither of them had contacted the Court in that regard. Accordingly, Magistrate Judge Kaull recommended that the Plaintiff's Consent Motion For Enlargement Of Time be denied as having been untimely filed and not supported by any showing of good cause and that the Plaintiff's Complaint be dismissed for failure to prosecute.

In said Report And Recommendation/Opinion, the parties were directed, in accordance with 28 U.S.C. §636(b)(1) and Rule 6(e) of the Federal Rules of Civil Procedure, to file any written objections thereto with the Clerk of Court within ten (10) days after being served with a copy of said Report And Recommendation/Opinion.

Magistrate Judge Kaull's Report And Recommendation/Opinion expressly provided that a failure to timely file objections would result in waiver of the right to appeal from a judgment of this Court based thereon.

The docket in the above-styled civil action reflects that no objections to Magistrate Judge Kaull's January 18, 2007, Report And Recommendation/Opinion have been filed.

Upon consideration of said Report and Recommendation/Opinion, and having received no written objections thereto[1], the Court accepts and approves the Report And Recommendation/Opinion. Therefore, it is

**ORDERED** that Magistrate Judge Kaull's Report And Recommendation/Opinion (Docket No. 13) be, and is hereby, **ACCEPTED** in whole and that this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the Plaintiff's Consent Motion For Enlargement Of Time (Docket No. 10) be, and the same is hereby, **DENIED** as untimely filed and not supported by any showing of good cause. It is further

**ORDERED** that the Plaintiff's Complaint (Docket No. 1) be, and the same is

---

[1] The failure of the parties to object to the Report And Recommendation not only waives their appellate rights in this matter, but also relieves the Court of any obligation to conduct a *de novo* review of the issues presented. See Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).

hereby, **DISMISSED** for failure to prosecute.

The Clerk of Court is directed to transmit copies of this Order to counsel of record herein.

**ENTER:** November  15 , 2007


                                               **/S/ Robert E. Maxwell**
                                               United States District Judge